```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT
```

Robert Moses White,            :
                               :
     Plaintiff,                :
                               :
     v.                        :     Case No. 1:12-cv-180
                               :
Tracy Macaulay,                :
                               :
     Defendant.                :

## OPINION AND ORDER
(Doc. 1)

Plaintiff Robert Moses White, proceeding *pro se*, seeks to bring an action against his ex-fiancee seeking "damages for defamation and duress." Now before the Court is White's motion to proceed *in forma pauperis*. (Doc. 1.) Because he has made the showing of poverty required under 28 U.S.C. § 1915, his motion (Doc. 1) is GRANTED. Nonetheless, for the reasons set forth below, this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

White is suing a private citizen for causing injury to his reputation. Specifically, he claims that his ex-fiancee, Tracy Macaulay, obtained a protection from abuse order against him "with lies and deceit," and is now "making another false claim of abuse." (Doc. 1-2 at 1.) He pleads that his "name should not be forever defamed by an untrue account of my relationship/affair with Tracy Macauley," and asks the Court to award "restitution of my good name and redress – damages for defamation and duress, in this Court." (*Id.* at 3.)

White's filing does not set forth a federal claim over which this Court would have jurisdiction.  Federal courts are courts of limited jurisdiction, and may not preside over cases if they lack subject matter jurisdiction.  <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986); <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000).  In reviewing White's Complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  Accordingly, the Court interprets the Complaint "to raise the strongest arguments that [it] suggest[s]."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).  Nonetheless, "[i]f subject matter jurisdiction is lacking . . . the court has the duty to dismiss the action *sua sponte*."  <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont</u>, 565 F.3d 56, 62-63 (2d Cir. 2009).

Federal subject matter jurisdiction is usually established through diversity of citizenship under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331.  See <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513 (2006).  Here, there is no diversity of citizenship, as both White and Macaulay are

alleged to be citizens of Vermont.  As to federal question jurisdiction, White has not alleged "a colorable claim 'arising under' the Constitution or laws of the United States."  Id. (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)).  Indeed, the claim being asserted in this case is one of defamation, which is a state law cause of action.  See Paul v. Davis, 424 U.S. 693, 711-12 (1976) (holding that "interest in reputation alone . . . is simply one of a number which the State may protect against injury by virtue of its tort law"); Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action.").

    Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).  However, a court may deny an opportunity to amend "when amendment would be futile."  Fulton v. Goord, 591 F.3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted).  In this case, there is no indication of a federal claim against Macaulay.  Accordingly, this case is DISMISSED without prejudice for lack of subject matter jurisdiction.  See, e.g., Fleet Bank, Nat'l Assn.

<u>v. Burke</u>, 160 F.3d 883, 893 (2d Cir. 1998) (dismissing case without prejudice for lack of subject matter jurisdiction).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Dated at Brattleboro, in the District of Vermont, this 14th day of August, 2012.

                                                    <u>/s/ J. Garvan Murtha</u>
                                                    Honorable J. Garvan Murtha
                                                    United States District Judge